SCUDI JOHNSON & AYERS, LLP
Morgan J.C. Scudi (# 147942)
J. Ray Ayers (# 217706)
5440 Morehouse Drive, Suite 4400
San Diego, CA 92121
(858) 558-1001

Attorneys for Plaintiffs

FILED
10 APR 13 PM 3:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MTD    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 0772 IEG    NLS

AGRICOLA ABC, S.A. de C.V., a Mexican Corporation.

        Plaintiff,

v.

CHIQUITA FRESH NORTH AMERICA, LLC, a Delaware Limited Liability Company and successor in interest to CHIQUITA FRUPAC, INC, a Delaware Corporation; ALEJANDRO CANELOS RODRIGUEZ, an individual; and ARISTEO ALEJANDRO CANELOS GUILLEN, an individual.

        Defendants.

CASE NO.

**COMPLAINT FOR:**

(1) **Breach of Contract**
(2) **Declaratory Relief**
(7) **Accounting**
(8) **Equitable Indemnity**

**[JURY TRIAL REQUESTED]**

1

COMPLAINT

COMES NOW Plaintiff AGRICOLA ABC, S.A. de C.V. by and through its attorneys, Scudi Johnson & Ayers, LLP and hereby alleges:

1. This court has jurisdiction by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332 in that the Complaint is between a citizen of a foreign country and citizens of a state and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiff AGRICOLA ABC, S.A. de C.V. ("ABC"), is a Mexican corporation, with its principal place of business in Sinaloa, Mexico.

3. Defendant CHIQUITA FRESH NORTH AMERICA, LLC ("Chiquita Fresh") is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business in Ohio. Upon information and belief, Chiquita Fresh conducts business in this judicial district.

4. Defendant CHIQUITA FRUPAC, INC. ("Chiquita Frupac") was a Corporation organized under the laws of the state of Delaware. Chiquita Frupac merged in with Chiquita Fresh North America, LLC in 2006, with the successor company retaining the name CHIQUITA FRESH NORTH AMERICA, LLC.

5. Defendant ALEJANDRO CANELOS RODRIGUEZ is, and at all times relevant to this complaint was, a citizen of Mexico, who maintains a residence in San Diego, California.

6. ARISTEO ALEJANDRO CANELOS GUILLEN is, and at all times relevant to this complaint was, a citizen of Mexico who maintains a residence in San Diego County, California.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

7. On or about December 14, 1998, Chiquita Frupac executed a vegetable distribution agreement with three Mexican companies (" Producers") including Plaintiff who, at the time of that agreement, was jointly managed by Defendant Alejandro Canelos Rodriguez and Constantino Canelos Rodriguez. This agreement replaced a prior distribution contract between Chiquita Frupac and Defendant Alejandro Canelos Rodriguez, Constantino Canelos Rodriguez, various entities owned and operated by the Canelos family. The Canelos family has operated large farming operations in Sinaloa and Baja California for many years.

///

8. In accordance and in connection with the above referenced agreement, the Producers received advances from Chiquita, allegedly totaling $18,650,000.00.

9. In order to guarantee re-payment of the $18,650,000.00 debt, the Producers, Defendant Alejandro Canelos Rodriguez, Constantino Canelos Rodriguez and other Canelos family members associated with the Producers created a Guarantee Trust on January 26, 1999, with the Mexican bank BBVA Bancomer as trustee. The purpose of the Guarantee Trust was to hold several parcels of real property in Mexico as security for re-payment of the debt. The Guarantee Trust was not to be executed except in case of default. In the event of default, the Guarantee Trust could be executed and the properties sold to satisfy the outstanding obligation to Chiquita.

10. Plaintiff and the other Producers and individual guarantors on the one hand, and Defendant Chiquita Frupac on the other hand, subsequently reached an agreement to resolve the outstanding balance on the alleged $18,650,000.00 debt by payment of the sum of $5,000,000.00 to Chiquita Frupac.

11. Five (5) parcels of land totaling 100 acres in San Diego County, valued at more than $5,000,000.00, were thereafter transferred to Chiquita Frupac in full satisfaction of the loan. Upon information and belief, Defendant Alejandro Canelos Rodriguez and Chiquita had entered into a secret agreement whereby the properties in question were eventually transferred to entities affiliated with Defendant Alejandro Canelos Rodriguez without consideration.

12. Defendant Alejandro Canelos Rodriguez subsequently improperly caused one of the Canelos family companies to transfer title to a piece of real property in Mazatlan, Mexico to Defendant Chiquita Frupac. Upon information and belief, this was part of a secret agreement between Defendant Alejandro Canelos Rodriguez and Chiquita Frupac to personally benefit himself at the expense of the Producers and the other Canelos family members.

13. Upon information and belief, Chiquita Frupac released Defendant Alejandro Canelos Rodriguez from all obligations under the debt. However, Defendant Chiquita Frupac has refused to provide such release to Plaintiff or the other debtors or guarantors, and has refused to release the remaining parcels of land in Mexico still held in the Guarantee Trust.

///

14. Upon information and belief, Defendant Chiquita Fresh is now attempting to improperly obtain title to parcels in the Guarantee Trust, although the debt has been satisfied in full.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Chiquita Fresh)

15. Plaintiff refers to and incorporates by this reference paragraphs 1 through 14 inclusive, as though fully set forth herein.

16. Plaintiff and Defendant Chiquita Frupac entered into an agreement to resolve the outstanding balance on the $18,650,000.00 debt against all debtors and guarantors by the transfer of five (5) parcels of land in San Diego County valued at more than $5,000,000.00.

17. Plaintiff and its co-debtors and guarantors satisfied their obligations under this agreement by transferring the five (5) parcels of land in San Diego County to Chiquita Frupac.

18. Defendant Chiquita Frupac breached the parties' agreement by taking title to the property in question without giving Plaintiff and the other guarantors a release or acknowledgment of satisfaction of the debt. Defendant Chiquita Frupac also subsequently improperly took title to a property in Mazatlan, Mexico, that was in the Guarantee Trust although the debt was already paid in full.

19. Upon information and belief, Defendant Chiquita Fresh does not acknowledge that the debt has been satisfied and continues improper attempts to obtain property and assets of Plaintiff and the other Producers and individual guarantors on the debt.

20. As a result of Defendant's breach of contract, Plaintiff has been damaged in a sum in excess of $75,000.00 to be proven at time of trial.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Defendant Chiquita Fresh)

21. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 20, inclusive of this Complaint as though fully set forth herein.

22. An actual controversy has arisen and now exists between Plaintiff and Defendant Chiquita Fresh. Upon Information and belief, Defendant Chiquita Fresh contends that Plaintiff still owes it some sum of money from the $18,650,000.00 debt.

23.  Plaintiff contends that the debt has been repaid in full, that Defendant Chiquita Frupac accepted a lesser sum and parcels of real property in full and complete satisfaction of the outstanding balance, and that Defendant Chiquita Fresh is not entitled to demand further assets or money in satisfaction of the debt in question.

24.  Upon information and belief, Defendant Chiquita Fresh disputes these contentions.

25.  Plaintiff seeks judicial determination of the status of the debt, including a declaration that the debt has been re-paid in full and that Chiquita Fresh's continuing collection efforts are improper.

26.  A judicial declaration is necessary at this time, so that Plaintiff may ascertain whether it owes any money to Defendant Chiquita Fresh and to prevent Chiquita Fresh from taking yet more property and assets of Plaintiff and the individual guarantors.

### THIRD CAUSE OF ACTION

### (Accounting Against Chiquita Fresh)

27.  Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 26, inclusive of this Complaint as though fully set forth herein.

28.  In 1998, Plaintiff and Defendant Chiquita entered into a written produce distribution agreement. As part of that agreement, Defendant Chiquita Frupac allegedly advanced Plaintiff the sum of $18,650,000.00. As stated above, Plaintiff contends that any debt has been satisfied in full. However, Chiquita Fresh has failed and refused to provide an accounting or acknowledge that the debt has been re-paid.

29.  To the extent that the debt has not been satisfied in full, the exact amount of money due to Defendant is unknown to Plaintiff and cannot be ascertained without a full and complete accounting by Defendant Chiquita Fresh.

30.  Plaintiff and the individual Canelos family guarantors have repeatedly demanded that Chiquita Fresh provide an accounting showing the sum that Chiquita Fresh alleges it is owed, but Chiquita Fresh has failed and refused, and continues to fail and refuse, to render the accounting requested by Plaintiff.

///

## FOURTH CAUSE OF ACTION

### (Equitable Indemnity Against Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillen)

31. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 30, inclusive of this Complaint as though fully set forth herein.

32. In the above transactions, Plaintiff and Defendants Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillen were co-obligors on the debt to Chiquita Frupac. Plaintiff and the other debtors and guarantor have paid money to and transferred assets in re-payment of the debt. However, Defendant Alejandros Canelos and Aristeo Alejandro Canelos Guillen have not paid any money or transferred any assets towards the debt.

33. It is inequitable for Plaintiff and the other co-obligors to re-pay the debt, while Defendant Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillen pays nothing.

34. Plaintiff therefore seeks a ruling from this Court that Defendant Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillen are obligated to indemnify the Plaintiff and other co-obligors on a pro rata basis to the extent their payments towards the debt exceeded payments by Defendants Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillen, if any.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. For damages in an amount to be proven at trial;
2. For an accounting as requested herein;
3. For declaratory relief as requested herein;
4. For prejudgment interest;
5. For reasonable costs and attorneys' fees; and
6. For such other relief as this Court may deem just and proper

Dated: 04/12/2010

SCUDI JOHNSON & AYERS, LLP

By: _____
Morgan J.C. Scudi
J. Ray Ayers
Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AGRICOLA ABC, S.A. de C.V., a Mexican Corporation

## DEFENDANTS
Chiquita Fresh North America, LLC, a Delaware limited Liability Company and successor in interest to Chiquita

(b) County of Residence of First Listed Plaintiff: N/A Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Cincinnati, Ohio
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scudi Johnson & Ayers, LLP, 5440 Morehouse Dr., Ste. 4400, San Diego, CA 92121 (858)558-1001

Attorneys (If Known)

'10 CV 0772 IEG NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USSC, Section 1332

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/12/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 1221   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

TB 04-13-10
CR

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS012211
Cashier ID: mbain
Transaction Date: 04/13/2010
Payer Name: SCUDI JOHNSON AND AYERS
----------------------------------
CIVIL FILING FEE
  For: AGRICOLA V CHIQUITA
  Case/Party: D-CAS-3-10-CV-000772-001
  Amount:         $350.00
----------------------------------
CHECK
  Check/Money Order Num: 3450
  Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00


There will be a fee of $45.00
charged for any returned check.
```