# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGRICOLA ABC, S.A. de C.V., a Mexican Corporation,<br><br>          Plaintiff,<br> vs.<br><br>CHIQUITA FRESH NORTH AMERICA, LLC, a Delaware Limited Liability Company and successor in interest to CHIQUITA FRUPAC, INC., a Delaware Corporation; ALEJANDRO CANELOS RODRIGUEZ, an individual; and ARISTEO ALEJANDRO CANELOS GUILLEN, an individual,<br><br>          Defendant. | CASE NO. 10cv772-IEG(NLS)<br><br>Order Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration of the Court's Order Quashing Service of Process |

By order filed July 28, 2010, the Court granted the motion to quash service of process filed by Defendants Alejandro Canelos Rodriguez ("Alejandro") and Aristeo Alejandro Canelos Guillen ("Aristeo"). Plaintiff Agricola ABC, S.A. de C.V. ("Agricola") now moves for reconsideration of that order. Defendants have filed an opposition and Plaintiff has filed a reply. Because the parties' papers contained conflicting factual assertions, the Court held an evidentiary hearing on Friday, November 12, 2010. Upon review, for the reasons explained herein, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for reconsideration.

## *Background*

The factual background of this case is fully set forth in the Court's July 28, 2010 order and will not be repeated herein. The following facts are relevant to the Court's reconsideration of its

prior order quashing service of process as to Alejandro and Aristeo Canelos. Plaintiff's process server initially attempted to serve Alejandro and Aristeo Canelos on April 24, 2010, and April 25, 2010 at #4 Blue Anchor Cay Rd., Coronado California. [Affidavit of Reasonable Diligence, Doc. Nos. 4 and 5, p. 2.] On April 27, 2010, Plaintiff's process server purportedly effected substitute service by leaving a copy of the summons and complaint with a woman by the name of Carmen Padilla, who identified herself as a co-occupant, at the Coronado Cays address. [Proof of Service of Summons, Doc. Nos. 4 and 5, pp. 1-2.] Plaintiff's process server thereafter mailed a copy of the documents to Alejandro and Aristeo Canelos at the same Coronado address. Plaintiff's process server again left a copy of the summons and complaint for Alejandro Canelos at the Coronado address on July 17, 2010. On that occasion, the process server left the documents with Alejandra Canelos, Alejandro's daughter. Alejandra Canelos purportedly told the process server that Alejandro was in town and sick. A copy of the complaint and summons was thereafter mailed to the Coronado address on July 19, 2010. [Proof of Service, Doc. No. 29-5, pp. 1-2.]

After the Court issued its order quashing service, Plaintiff's process server made multiple additional attempts to personally serve Alejandro Canelos at the Coronado home. [Testimony of Sandy Smith of First Legal Support Services.] On August 23, 2010, Plaintiff's process server staked out the Coronado home from 5:00 p.m. until 9:00 p.m. [Affidavit Reasonable Diligence, Doc. 29-6, p. 2.] As the process server was leaving around 9:00 p.m., she saw a maroon minivan pull up to the home and a woman went inside. The process server returned to the home and knocked at the door. The woman who answered the door purportedly said Alejandro lived there "but he is not in." When the process server attempted to deliver the papers, the woman said she did not know Alejandro Canelos. [Id.] While the process server was waiting at the home, she observed a UPS or FedEx package being delivered. When the process server went to the door, she saw the package was addressed to Alejandro Canelos. [Id.]

The Coronado home is owned by Nora Idalia Canelos, Defendants' wife and mother, respectively. [Alejandro Decl., ¶ 3;.Aristeo Decl., ¶ 3.] Alejandra Canelos has filed a declaration in opposition to Plaintiff's motion for reconsideration, denying she told the process server her father was sick. [Declaration of Alejandra Canelos, Doc. 33-2, ¶ 4.] Alejandro's other daughter,

1  Nora Canelos, also filed a declaration in opposition to the motion for reconsideration.  Nora
2  Canelos is the woman who answered the door for the process server on August 23, 2010.  She
3  states she told the process server there was no one by the name of Alejandro Rodriguez who lived
4  at the house.  [Declaration of Nora Canelos, Doc. 33-3, ¶ 3-4.]  Nora states the UPS package the
5  process saw delivered was for an order she personally placed over the internet, using her father's
6  credit card.  [Id. ¶ 5.]  Defendants presented no witnesses at the hearing.

### *Evidentiary Objections*

8  Plaintiff has introduced, through declarations and in-court testimony, hearsay statements by
9  its process servers regarding what Alejandra and Nora Canelos said when they were given copies
10 of the summons and complaint on July 17 and August 23, 2010. Defendants lodged evidentiary
11 objections to the statements made in the proofs of service and affidavits of reasonable diligence
12 signed by Plaintiff's process servers, and further objected to testimony offered by the process
13 servers at the hearing.  Defendants object that the process servers' testimony as to what Alejandra
14 and Nora Canelos told them is inadmissible hearsay because Plaintiff introduces it solely to prove
15 the truth of the matter asserted – that Alejandro Canelos was at the Coronado home.

16 Plaintiff did not file a written response to Defendants' evidentiary objections. At the
17 hearing, Plaintiff argued the statements should be admitted because they are critical to determining
18 whether Alejandro Canelos regularly stays at the Coronado address. However, Plaintiff offered
19 and the Court  aware of no exception to the hearsay rule under which the statements and testimony
20 are admissible.  Therefore, the Court sustains Defendants' objection and strikes the hearsay
21 statements of the process servers.

22 Furthermore, in support of its opposition to the Defendants' original motion to dismiss,
23 Plaintiff submitted a declaration by Aristeo Canelos Avila, the nephew and cousin of Defendants
24 Alejandro and Aristeo Canelos.  Aristeo Canelos Avila made statements about the frequency with
25 which both individual Defendants visit the Coronado home and a variety of other matters.  Mr.
26 Canelos Avila also testified at the hearing regarding where his uncle and cousin live.  Upon cross-
27 examination at the hearing, however, it became clear that Mr. Canelos Avila has no personal
28 knowledge of the matters contained in the declaration and about which he offered testimony.  He

1  has not seen or spoken to Alejandro Canelos since 2002, and has not seen or spoken to Aristeo
2  Canelos for several years. Because he has no personal knowledge regarding where Defendants
3  Alejandro and Aristeo Canelos reside, the Court will not consider Mr. Canelos Avila's declaration
4  and testimony.

### *Discussion*

6  "On motion and just terms, the court may relieve a party or its legal representative from a
7  final judgment, order, or proceeding for the following reasons ... (2) newly discovered evidence
8  that, with reasonable diligence, could not have been discovered in time to move for a new trial
9  under Rule 59(b) ... [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "'A
10 motion for reconsideration should not be granted, absent highly unusual circumstances, unless the
11 district court is presented with newly discovered evidence, committed clear error, or if there is an
12 intervening change in the controlling law'." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d
13 877, 890 (9th Cir. 2000) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.
14 1999). Plaintiff moves for reconsideration pursuant to Fed. R. Civ. P. 60(b)(2) and (6), arguing
15 there is newly discovered evidence and the Court committed clear error.[1]

16  Where a defendant challenges the method of service, plaintiff bears the burden of
17 establishing service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.
18 2004). Where factual issues are presented on a motion under Rule 12(b)(5), the court may hear
19 evidence and determine the facts, and may hold an evidentiary hearing if necessary. Old Republic
20 Ins. Co. v. Pacific Financial Svcs., 301 F.3d 54, 57 (2d Cir. 2002) (court should hold evidentiary
21 hearing where material facts bearing on sufficiency of service of process are disputed).

22  "Service of process is the means by which a court asserts its jurisdiction over the person."
23 SEC v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007); see also Fed. R. Civ. P. 4(k) ("[s]ervice.of a
24 summons or filing a waiver of service is effective to establish jurisdiction over the person of a

---

[1] Because it was filed more than ten days after the Court issued its order, Plaintiff's motion is properly characterized as arising under Rule 60(b), rather than Rule 59(e). See American Ironworks & Erectors, Inc. v. North American Const. Copr., 248 F.3d 892, 898-99 (9th Cir. 2001) (noting that a motion for reconsideration filed within ten days of entry of the judgment or order is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), while a motion filed beyond ten days is treated as a Rule 60(b) motion for relief from a judgment or order).

defendant"). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property ...." Id. at 1138-39. Thus, service of process "must be 'notice reasonably calculated ... to apprise interested parties of the pendency of an action and afford them an opportunity to present their objections'." Id. at 1138 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). A plaintiff's substantial compliance with Rule 4's requirements may be sufficient to provide jurisdiction so long as the defendant receives sufficient notice of the complaint. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." Travelers Cas. and Sur. Co. v. Brenneke, 551 F.3d 1132, 1136 (9th Cir. 2009). Ordinarily, where the court finds the method of service of process was not proper, the remedy is to quash service and require plaintiff to effect proper service. Stevens v. Security Pacific Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

Rule 4(e)(2) of the Federal Rules of Civil Procedure provides that an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; [or] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there ...." The cases discussing whether a place may be classified as a dwelling house or usual place of abode are highly fact-specific. A person can have more than one dwelling house or usual place of abode for purposes of Rule 4(e)(2), so long as each contains sufficient indicia of permanence. Stars' Desert Inn Hotel & Country Club, Inc., 105 F.3d at 524; National Development Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991).

A plaintiff may also utilize the procedures of the state in which the district court is located to serve a summons and complaint. Fed. R. Civ. P. 4(e)(1). California law is less restrictive than the Federal Rules with respect to the location at which substituted service may be made. Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995). Pursuant to Cal. Code Civ. P. ("CCP") § 415.20(b), where personal service cannot be accomplished "with reasonable diligence," a summons may be served

> [B]y leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or *usual mailing address* other than a United States Postal Service post office box, in the presence of a competent member of the household ... at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, .... (Emphasis added).

The terms "dwelling house" and "usual place of abode" take their meaning from the Federal Rules of Civil Procedure. Judicial Council Comments following CCP § 415.20. The Civil Code provides no additional definition of "usual mailing address." However, Cal. Vehicle Code § 12800 requires every application for an original or a renewal of a drivers license to contain the applicant's true mailing address and residence address. Pursuant to § 1808.21(c), "[a]ny person providing the department with a mailing address shall declare, under penalty of perjury, that the mailing address is a valid, existing, and accurate mailing address and *shall consent to receive service of process pursuant to subdivision (b) of Section 415.20* ... of the Code of Civil Procedure at the mailing address." (Emphasis added).

Plaintiff asserts two grounds for relief in its motion. First, Plaintiff argues the Court incorrectly discounted the fact that Aristeo Canelos Guillen maintains a current California driver's license, listing the Coronado address, in determining that service of process was proper under state law. Second, Plaintiff argues it has uncovered additional facts showing Alejandro Canelos Rodriguez receives mail at the Coronado home and in fact lives at the residence.

*1.    Aristeo Canelos Guillen's maintenance of a California driver's license listing the Coronado address*

Plaintiff, in its opposition to Defendants' original motion, pointed out that Aristeo maintained a California driver's license. Plaintiff did not, however, cite the California Vehicle Code section[2] to guide the Court's determination of whether service was properly effected upon the Defendants. Upon review of the authorities cited by Plaintiff in its motion for reconsideration, it appears the Court erred in concluding the fact Aristeo had a California driver's license, with the Coronado address, was of no consequence to the service of process question.

Pursuant to Vehicle Code § 1808.21(c), "[a]ny person providing the department with a

---

[2] The only reference to California law contained in Plaintiff's opposition to the Defendants' motion to dismiss was a citation to CCP § 415.20. [Doc. No. 19, p. 4, line 16.]

1  mailing address shall declare, under penalty of perjury, that the mailing address is a valid, existing,
2  and accurate mailing address and *shall consent to receive service of process pursuant to*
3  *subdivision (b) of Section 415.20 ...* of the Code of Civil Procedure at the mailing address."
4  Although Fed. R. Civ. P. 4(e)(2) only permits substitute service at a person's "dwelling or usual
5  place of abode," CCP § 415.20 permits substitute service at an individual's "usual mailing
6  address."

7  In opposition to the motion for reconsideration, Defendants do not dispute that Cal. Veh.
8  Code §§ 12800 and 1808.21, make the address provided on an individual's driver's license an
9  acceptable "mailing address" for substitute service of process pursuant to CCP § 415.20.  Instead,
10 Defendants argue Plaintiff did not exercise "reasonable diligence" to personally serve Defendants
11 before utilizing substitute service as required by CCP § 415.20.  Defendants contend Plaintiff must
12 first attempt personal service in Mexico before utilizing the substitute service provisions of
13 § 415.20.  However, Defendants cite no authority requiring Plaintiff to attempt service in a foreign
14 country where a person has a valid California driver's license listing a California address.

15 The original proofs of service of summons, filed on May 4, 2010, contain an "Affidavit of
16 Reasonable Diligence" by the process server, indicating personal service was attempted at the
17 Coronado home on three occasions (April 24, 25, and 27, 2010) before substitute service was
18 accomplished.  [Doc. Nos. 4 and 5, p. 2.]  Ordinarily, two or three attempts at personal service at a
19 proper place satisfies the reasonable diligence requirement and allowing for substitute service.
20 Bonita Packing Co, 165 F.R.D. at 613 (citing Bein v. Brechtel-Jochim Group, Inc., 6 Cal. App. 4th
21 1387, 1391-92 (1992).

22 California law permits substitute service on an individual at his "usual mailing address,"
23 after a showing of "reasonable diligence."  Here, the process server attempted to serve Aristeo on
24 three occasions at his "usual mailing address" as reflected on his California driver's license before
25 effecting substitute service.  Therefore, the Court GRANTS Plaintiff's motion for reconsideration
26 and finds Plaintiff properly served Defendant Aristeo Alejandro Canelos Guillen.

27 2.     *Service of Alejandro Canelos Rodriguez*
28 In granting Defendants' motion to quash, the Court found the Coronado home was not

Alejandro Canelos Rodriguez's "dwelling house or usual place of abode," based upon the following facts:

- Defendant Alejandro has a permanent residence in Sinaloa, Mexico, where his farming business is located. [Alejandro Reply Decl., ¶ 3.]
- Defendant Alejandro does not live at or have any ownership interest in the home in Coronado. [Alejandro Decl., ¶ 3.]
- Defendant Alejandro stays at the home in Coronado approximately 4 times per year, for a few days at a time. [Alejandro Reply Decl., ¶ 3.]

In its motion for reconsideration, the only additional non-hearsay evidence Plaintiff presents is the fact a UPS or FedEx package addressed to Alejandro Canelos was delivered to the Coronado home on August 24, 2010. [Ayers Decl., Exhibit 4.] This additional fact is insufficient to persuade the Court it erred in concluding the Coronado home is not the "dwelling house or usual place of abode" of Alejandro Canelos. Therefore, the Court DENIES Plaintiff's motion for reconsideration as to Alejandro Canelos Rodriguez.

### *Conclusion*

For the reasons set forth herein, the Court GRANTS Plaintiff's motion for reconsideration as to Defendant Aristeo Alejandro Canelos Guillen, and finds he was properly served pursuant to Fed. R .Civ. P. 4 and CCP § 415.20. Defendant shall file his response to the Complaint under Fed. R. Civ. P. 12 within ten (10) days of the filing of this order. The Court DENIES Plaintiff's motion for reconsideration as to Defendant Alejandro Canelos Rodriguez. Plaintiff is granted an additional forty five (45) days within which to initiate the procedure to serve Alejandro Canelos through appropriate international methods.

**IT IS SO ORDERED**.

DATED: November 19, 2010

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**