# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGRICOLA ABC, S.A. de C.V., a Mexican Corporation,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>CHIQUITA FRESH NORTH AMERICA, LLC, a Delaware Limited Liability Company and successor in interest to CHIQUITA FRUPAC, INC., a Delaware Corporation; ALEJANDRO CANELOS RODRIGUEZ, an individual; and ARISTEO ALEJANDRO CANELOS GUILLEN, an individual,<br><br>                                    Defendant. | CASE NO. 10cv772-IEG(NLS)<br><br>Order Granting in Part and Denying in Part Chiquita Frupac, Inc.'s Motion to Amend Answer to Add Counterclaims and Crossclaims |

Defendant Chiquita Fresh North America, LLC ("Chiquita") moves the Court for leave to amend its Answer to assert new Counterclaims and Crossclaims. The proposed Amended Answer with Counterclaims and Crossclaims seeks to add 13 new parties, all of whom are Mexican citizens or corporations.[1] Plaintiff Agricola ABC, S.A. de C.V. ("Agricola") has filed an

---

[1] Chiquita also requests the Court accept its late-filed motion. Pursuant to the September 10, 2010 Scheduling Order, the parties were required to file any motion to join other parties or amend the pleadings by October 15, 2010. On October 15, 2010, Chiquita filed its Amended Answer containing Counterclaims and Crossclaims under the mistaken belief the Scheduling Order required the amended pleadings to be filed on that date. [Declaration of D. Michael Mandig, ¶ 7.] After Chiquita's counsel became aware of the mistake, Chiquita filed the present motion to amend.
    Plaintiff's counsel spends the bulk of the opposition arguing the Court should deny Chiquita leave to amend because there is no good cause allowing amendment of the Scheduling Order. However, Chiquita's counsel was diligent in attempting to amend within the time set forth

opposition and Chiquita has filed a reply. The Court found Chiquita's motion appropriate for submission on the papers without oral argument, and previously vacated the hearing date. For the reasons explained herein, Chiquita's motion is GRANTED IN PART AND DENIED IN PART.

### *Factual Background*

*1.     Allegations Contained in the Complaint*

Because the facts alleged by Agricola in the Complaint are relevant to the Court's determination of Chiquita's motion for leave to amend, the Court will summarize those facts herein. Agricola, a Mexican corporation with its principal place of business located in Sinaloa, Mexico, operates a large farming business. [Complaint, ¶ 2.] At the time of the events which give rise to Plaintiff's complaint, Defendant Alejandro Canelos Rodriguez jointly managed Plaintiff Agricola along with his brother, Constantino Canelos Rodriguez. [Id., ¶ 7.]

On December 14, 1998, Agricola and two other unnamed companies (collectively "the Producers") entered into a vegetable distribution agreement with Chiquita. [Complaint, ¶ 7.] In accordance with that agreement, the Producers received advances from Chiquita in an amount allegedly totaling $18,650,000. [Id., ¶ 8.] In order to guarantee repayment of the advances, the Producers (including Defendant Alejandro Canelos Rodriguez and his brother Constantino Canelos Rodriguez) created a Guarantee Trust on January 26, 1999. The purpose of the Guarantee Trust was to hold several parcels of real property in Mexico as security for the re-payment of the debt. [Id., ¶ 9.]

Thereafter, Agricola and the other Producers reached an agreement with Chiquita, to resolve the outstanding balance on the alleged debt from $18,650,000 to $5,000,000. [Complaint, ¶ 10.] Five parcels of land in San Diego County, totaling 100 acres and valued at more than $5,000,000, were transferred to Chiquita in full satisfaction of the loan. Agricola alleges, however, that Alejandro Canelos Rodriguez and Chiquita entered into a secret agreement whereby

---

in the scheduling order as evidenced by the filing of the amended pleading on the date designated for filing a motion for leave to amend. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (in considering whether to amend scheduling order, primary question is whether moving party was diligent in attempting to meet the deadline.) Chiquita's counsel's error caused a three-day delay in the filing of its motion, and Plaintiff can point to no prejudice resulting from such delay. Therefore, the Court grants Chiquita's request for leave to file its motion to amend.

the properties in question were eventually transferred to entities associated with Alejandro Canelos Rodriguez, without consideration. [Id., ¶ 11.] Plaintiff further alleges Alejandro Canelos Rodriguez improperly caused one of the Canelos family companies to transfer title to another piece of real property in Mazatlan, Mexico, to Chiquita, for his own personal benefit and to the detriment of Agricola, the Producers, and the other Canelos family members. [Id., ¶ 12.]

Agricola alleges Chiquita has released Alejandro Canelos Rodriguez from all obligation under the debt, but has refused to provide such a release to Agricola. Chiquita has also refused to release the other parcels of land in Mexico still held in the Guarantee Trust. [Complaint, ¶ 13.] As to Chiquita, Agricola alleges breach of contract, and also seeks declaratory relief as to the status of the debt as well as an accounting. [Complaint, ¶¶ 15-30.] As to Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillen (Alejandro's son), Agricola brings a claim for equitable indemnity. Agricola alleges Defendants were co-obligors on the debt to Chiquita and asks for a ruling that these individual Defendants are obligated to indemnify Agricola and other co-obligors on a pro rata basis based upon their failure to contribute toward the repayment of the debt. [Id., ¶¶ 31-34.]

2. *Allegations Contained in the Proposed Amended Answer and Counterclaims/Crossclaims*

In its original Answer, Chiquita alleged the following affirmative defense:

> Plaintiff, Chiquita, and the co-defendants in this action and others entered into a judicial settlement in into a judicial settlement agreement in Mexico. The agreement was presented to and approved by the federal district court in Hermosillo, Sonora, México, in case no. 5/2002. The judgment approving the judicial settlement resolved all controversies arising out of or relating to Chiquita's relationship with the Plaintiff and the other debtors, and provided immediate remedies and procedures to enforce the settlement in the event its terms were breached. The judgment validating and ordering enforcement of the judicial settlement and the terms of the trust is now final despite several unsuccessful attempts at appellate and federal "amparo" review made by Constantino Canelos Rodriguez, the legal representative of the Plaintiff in this action. Therefore, the claims asserted by Plaintiff in this case were merged in the final judgment or judgments entered and upheld by Mexican courts, and Plaintiff's claims in this action are now barred by res judicata and collateral estoppel.

[Answer, Doc. No. 12, ¶ 29.] In its Proposed Amended Answer, Chiquita alleges the following additional facts.

Chiquita entered into an initial Distribution Agreement with Alejandro Canelos Rodriguez and Constantino Canelos Rodriguez in October 1997, whereby Chiquita not only financed the

brothers but also distributed their produce. [Amended Answer, ¶ 9-10.] As security for repayment of debts, the plantings on and production from the various Mexican properties comprising the Canelos farming operations (and either owned or controlled by the brothers) were placed in a Mexican trust, with Bancomer, S.A. de C.V. named as trustee. [Id. ¶ 11.] In addition to placing the Mexican real estate in a trust, the Canelos brothers caused a Liberian corporation by the name of Alcon, Inc. (a company owned and/or controlled by the brothers) to guarantee the debts owed to Chiquita. Alcon's guarantee was secured by a 1997 deed of trust placed against five parcels of real estate located in San Diego County. [Id. ¶ 12.]

On December 14, 1998, Chiquita, the Canelos brothers, and associated companies entered into a new distribution agreement (the "1998 Distribution Agreement"). In addition, on January 26, 1999, the parties entered into a new trust agreement (the "1999 Trust") in Mexico, identifying as security certain interests in crops to be grown on an array of Mexican real estate as well as the proceeds of the sale of those crops. Bancomer was again named trustee. [Id. ¶ 14-15.]

By January 14, 2000, the Canelos operations owed Chiquita over $17.705 million US. Chiquita was willing to provide some additional continued financing to allow the Canelos brothers to continue their operations. As a result, Chiquita and the Canelos brothers entered into a Settlement Agreement (the "2000 Settlement Agreement") agreeing to the total amount of debt owed and the schedule for payment of the debt. [Id. ¶ 18.] The 2000 Settlement Agreement provided that each of the brothers was liable for the payment of the full agreed amount to Chiquita. [Id. ¶ 19.]

By early 2001, the Canelos brothers were in default and owed Chiquita over $18 million. [Id. ¶ 21.] Chiquita began enforcing its rights as a creditor by (a) selling the San Diego County property at a non-judicial trustee's sale for a credit bid of $5,209,500 and (b) filing a petition with the Federal District Court in Hermosillo, Sonora, Mexico, asking that court to approve and enter judgment enforcing the 2000 Settlement Agreement. [Id. ¶ 21.] The Mexican court granted Chiquita's request and entered judgment. [Id. ¶ 22-23.] In October 2005, Agricola and others filed a suit before a Mexican Federal District Court in Sinaloa, Mexico, asking that the Mexican judgment be declared null and void. [Id. ¶ 24.] On August 28, 2007, a Mexican federal appellate

court in Sinaloa, Mexico issued a decision rejecting Agricola's challenge to the validity of the Mexican judgment. [Id. ¶ 25.] At the present time, the Canelos brothers and related parties owe Chiquita more than $30 million US under the Settlement Agreement. [Id. ¶ 28.]

Based upon these facts, in Count One of its Counterclaim/Crossclaim Chiquita seeks a declaratory judgment that the Mexican Judgment is final, valid, and binding on all debtors and fully enforceable under the laws of Mexico. [Amended Answer, ¶ 30-33.] In Count Two, Chiquita seeks to enforce the Mexican judgment and the Settlement Agreement by injunctive or other equitable relief. Chiquita identifies 2,200 acres of farmland located in Ensenada, Baja California, which is owned, controlled and/or operated by Constantino Canelos Rodriguez and his son Aristeo Canelos Avila, as well as Agrovica, Agricola ABC, and Oscar Alvarez Montiel, each of whom is a debtor under the 2000 Settlement Agreement and a judgment debtor under the Mexican judgment. Chiquita further seeks to void allegedly fraudulent transfers of certain Baja California farms to Agricultores de Baja, S. De R.L. de C.V. [Id. ¶ 34-41.]

Finally, in Count Three, Chiquita seeks an order directing Bancomer, as trustee, to perform its duties to protect Chiquita's rights in connection with the Mexican Judgment and Settlement Agreement. [Amended Answer, ¶ 42-45.]

### *Legal Standard*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its answer as a matter of course within 21 days after serving it. Thereafter, amendment may only be upon the stipulation of the parties or with leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.; see also Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (applying Rule 15's liberal amendment standard on consideration of defendant's motion to amend its answer). In determining whether to grant leave to amend, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Id. (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999)). Because federal policy strongly favors determination of cases on their merits, there is a presumption that leave to amend should be given in the absence of prejudice or a strong showing of one of the other factors. Eminence Capital, LLC v. Aspeon, Inc.,

316 F.3d 1048, 1052 (9th Cir. 2003).

## *Discussion*

Chiquita's proposed amendments fall into five categories: (1) counterclaims against Plaintiff Agricola ABC, SA de CV, (2) counterclaims against third parties Constantino Canelos Rodriguez and Aristeo Canelos Ávila, (3) crossclaims against Defendants Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillén, (4) counterclaims against third parties Oscar Álvarez Montiel, Agrovica, S.A. de C.V., and Agricultores de Baja, S. de R.L. de C.V., and (5) counterclaims against the following third parties: Administradora Hortícola del Tamazula, S. de R.L. de C.V.; Productora Agricola "Las Trancas", S.A. de C.V.; Productora Agricola "GAAC", S.A. de C.V.; Constructora Rincón del Valle, S.A. de C.V.; Srita. Ana Constantina Canelos Avila; Srita. María Alejandra Canelos Guillen; and Bancomer, S.A. de C.V.  Each of the proposed third parties is a Mexican corporation, Mexican limited liability company, or Mexican citizen.  Both sides agree the proposed counterclaims are permissive, and not compulsory.

In opposition, Agricola argues all of the proposed counterclaims are inappropriate because this is a "simple case against a major U.S. corporation for an accounting."  None of the proposed counterclaims and cross claims impact Agricola's primary claim for an accounting.  Chiquita knew of the proposed claims at the time it filed its initial Answer, and unduly delayed seeking leave to amend to assert the proposed claims for more than five months.  The addition of thirteen Mexican individual companies to this action will create a procedural and jurisdictional morass, unduly prejudicing Agricola's ability to pursue the claims set forth in its Complaint.  None of the asserted counterclaims or crossclaims are compulsory, and to the extent Chiquita wishes to litigate the validity and enforceability of the Mexican judgment, it can file a separate action, especially as against the proposed new parties.

Upon review, the Court concludes the counterclaims which Chiquita seeks to assert against Agricola are essentially the same as the affirmative defenses pled in paragraph 29 of Chiquita's original answer.  Chiquita alleged in its answer that the Plaintiff's claims were barred by *res judicata* and collateral estoppel because of an existing Mexican judgment regarding the debts. Counts one and two of Chiquita's counterclaim similarly seek declaratory relief regarding

enforceability of the Mexican judgment as against Agricola. Agricola has not explained what prejudice it would suffer if Chiquita is permitted to amend to add the counterclaims. Although Chiquita could have asserted the counterclaims earlier, the delay was not "undue" considering the current procedural posture of this case. Therefore, the Court grants Chiquita's motion to amend its Answer to add counterclaims against Agricola.

In addition, Chiquita's proposed counterclaims against Constantino Canelos Rodriguez and Aristeo Canelos Ávila, and crossclaims against Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillén, appear directly related to the claims asserted by Agricola in the initial Complaint. Chiquita alleges Constantino Canelos Rodriguez and Aristeo Canelos Ávila own and control Agricola, and are debtors of Chiquita. Chiquita argues joinder of these parties now will avoid additional litigation in the future over questions of "control" or "participation" in the corporation for purposes of collection of any judgment Chiquita obtains against Agricola on its counterclaim. Chiquita's proposed crossclaims against Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillén are also based upon the underlying agreements in Mexico. The only potential prejudice Agricola asserts with regard to Chiquita's proposed counterclaims and crossclaims as to these parties stems from the need to effect service of process in Mexico. However, Plaintiff Agricola is still in the process of completing service of process on Defendant Alejandro Canelos Rodriguez, and discovery has only just begun. The Court does not believe these additional claims will contribute to a significant delay in the litigation of the currently pending claims. Therefore, the Court also grants Chiquita's motion to amend its Answer to add counterclaims against Constantino Canelos Rodriguez and Aristeo Canelos Ávila and cross claims against against Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillén.

As to Chiquita's remaining third party claims, however, the Court believes the potential for prejudice outweighs Chiquita's interests in consolidating all of its claims in this one action. Chiquita alleges the remaining parties are jointly liable with Agricola for the debt owed to Chiquita under the Mexican judgment, own farmland in Baja California which was pledged as security for payment of Agricola's debt, hold fraudulently transferred property, and/or are "debtors" or "guarantors" jointly liable to pay Chiquita under the Mexican judgment. The Court

has doubts whether Chiquita can pursue its claims, made exclusively against Mexican citizens and based upon a Mexican court judgment, in this venue. Litigating issues of venue and personal jurisdiction as to each of the remaining eleven proposed third parties would consume an inordinate amount of time, and unduly delay the resolution of the currently pending claims.

Even if such claims can be asserted in this Court, they need not be made as part of this case. Fed. R. Civ. P. 13(a) (compulsory counterclaims defined as those, arising out of the same transaction or occurrence, and asserted against an opposing party). Chiquita argues its proposed claims against these third parties are based upon the same legal and factual issues as set forth in the original Complaint such that it makes sense to add the new parties and claims. However, a review of the proposed Amended Answer shows Chiquita's third party claims broadly expand the scope of this case. Chiquita would likely be required to effect service of process on most of not all the third parties through international methods, to the prejudice of Plaintiff Agricola. Therefore, the Court denies Chiquita's motion to amend its Answer to add counterclaims and crossclaims against the remaining third parties.

### *Conclusion*

For the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART Chiquita's motion for leave to amend:

1. The Court GRANTS Chiquita leave to file its proposed counterclaims against Plaintiff Agricola ABC, SA de CV, and third parties Constantino Canelos Rodriguez and Aristeo Canelos Ávila;
2. The Court GRANTS Chiquita leave to file its proposed crossclaims against Defendants Alejandro Canelos Rodriguez and Aristeo Alejandro Canelos Guillén;
3. The Court DENIES Chiquita's motion for leave to amend in all other respects.

///
///
///
///

1  The Clerk is directed to strike Chiquita's Amended Answer, filed as docket no. 41.  Chiquita shall
2  file its Amended Answer including the above designated Counterclaims and Crossclaims within
3  ten (10) days of the filing of this order.
4      **IT IS SO ORDERED**.
5  **DATED:  December 6, 2010**

                                        _____
                                        **IRMA E. GONZALEZ, Chief Judge**
                                        **United States District Court**